ARCHITECTURAL BUILDING PROD-
UCTS, INC., a Wisconsin corpora-
tion, Plaintiff,

v.

CUPPLES PRODUCTS CORPORATION,
a Missouri corporation, and Aluminum
Company of America, a Pennsylvania
corporation, Defendants.

No. 61–C–5.

United States District Court
E. D. Wisconsin.

Sept. 10, 1963.

Harold Harris and Alvin Richman,. Milwaukee, Wis., for plaintiff.

Leon E. Kaumheimer, John M. Reinhart and Paul V. Lucke, Milwaukee,. Wis., for defendants.

GRUBB, District Judge.

On motion of defendant, Aluminum Company of America, for summary judgment.

This is an action for damages for allegedly wrongful termination of a representation contract between plaintiff as, distributor and defendant, Cupples Products Corporation (hereinafter called "Cupples"), as principal. The termination of this agreement was accomplished on or about February 1, 1960. On January 5, 1960, defendant, Aluminum Company of America (hereinafter called "Alcoa"), acquired all of the capital stock of Cupples in exchange for Alcoa common stock.

Alcoa contends that the record on this motion establishes that it did not contractually assume the liabilities of Cupples and that Cupples and Alcoa have retained separate and distinct corporate entities following the stock acquisition. It is submitted that Alcoa is, therefore,. entitled to dismissal of the action as, against it as a matter of law.

The written "Plan and Agreement of Reorganization" which evidences the acquisition of Cupples' stock does not expressly provide for assumption of

Cupples' liabilities. Its terms are inconsistent with an implied intent to assume these liabilities. The stock acquisition was intended, and so interpreted by the Internal Revenue Service, as a transaction avoiding the recognition of gain or loss to the selling shareholders under § 368(a) (1) (B), Title 26 U.S.C.A., I.R.C.1954. To qualify under this section, the exchange had to be *solely* for voting stock without additional consideration, such as assumption of liabilities, flowing from the acquiring corporation.

Plaintiff contends that Sections 13.2 and 13.3 of the reorganization agreement indicate that assumption of liabilities should be implied. These sections provide that the selling stockholders shall indemnify Alcoa against any loss which may arise by virtue of any claim involving a breach of their warranties or representations. Cupples' obligation in this respect has no bearing on the rights of its potential creditors who were not parties to the stock acquisition and who have no interest therein absent a showing of fraud on creditors.

Plaintiff has offered no proof of facts to controvert Alcoa's showing that Cupples and Alcoa have maintained separate and distinct corporate entities since the reorganization, or that Alcoa did not participate in the transaction between plaintiff and Cupples. Plaintiff has attempted to impeach affidavit proof offered by Alcoa respecting these facts by statements made by the affiants on deposition. Alleged inconsistencies and lack of knowledge do not go to the essence of the affidavits in respect to averments of corporate integrity in issue here.

Control of one corporation by virtue of stock ownership or incidental to overlapping directorates does not warrant disregard of the individual corporate entities. Fisser v. International Bank, 282 F.2d 231, 238 (2d Cir., 1960). There remains no issue of material fact as to the basis of liability of Alcoa.

On the evidence of record on this motion, Alcoa is entitled to judgment as a matter of law.

For the foregoing reasons, Alcoa's motion for summary judgment must be and it is hereby granted. The clerk is directed to enter judgment, dismissing the action against Aluminum Company of America.